**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Alfonso ESPINOZA–CORTEZ,**
Defendant—Appellant.

No. 05–30148.
D.C. No. CR–00–00325–KI.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2006.*

Decided Jan. 20, 2006.

Before O'SCANNLAIN, KLEINFELD, and GRABER, Circuit Judges.

MEMORANDUM**

Alfonso Espinoza–Cortez ("Espinoza") appeals his 102–month sentence resulting

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326. We affirm.

■ Espinoza first argues that the district court committed plain error in using the 2003 version of the Sentencing Guidelines instead of the 1998 version of the Guidelines. The record reflects that the district court considered both versions of the guidelines and that the sentencing range was the same under either. We need not decide whether the district court erred, because Espinoza cannot show that any alleged error affected his substantial rights.[1]

■ Espinoza also argues that *United States v. Booker*[2] overruled or narrowed *Almendarez -Torres v. United States,*[3] and that prior convictions must be proved to a jury. We are bound by *United States v. Weiland*[4] to reject this argument.

■ Espinoza's argument that he did not have notice that the judge could impose a consecutive sentence is also unpersuasive. Notice was apparent from the plea colloquy, the presentence report, and the United States's Sentencing Memorandum, and such notice is sufficient.[5] The district court was aware of its authority to impose a concurrent sentence but chose to do otherwise. It concluded from the record that Espinoza was a danger to the community based on his escalating path of violence and his long, recidivist criminal career. The district court did not abuse its discretion. For the same reasons, the district court's sentence was reasonable within the meaning of *Booker.*[6]

The sentence is therefore **AFFIRMED** in all respects.

---

1. *See United States v. Sanders,* 421 F.3d 1044, 1050 (9th Cir.2005).

2. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3. *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

4. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

5. *See United States v. Williams,* 291 F.3d 1180, 1193 (9th Cir.2002) (per curiam).

